# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| THE MOST WORSHIPFUL NATIONAL GRAND LODGE, FREE AND ACCEPTED ANCIENT YORKRITE MASONS, PRINCE HALL ORIGIN NATIONAL COMPACT, U.S.A<br><br>    Plaintiff,<br><br>Vs.<br><br>UNITED GRAND LODGE GA AF & AYM, Inc.<br>    and<br>CRAIG MITCHELL,<br>    Individually,<br><br>    Defendants. | CIVIL ACTION<br>File No. _____<br><br>Jury Trial Demanded |

## COMPLAINT

Plaintiff, The Most Worshipful National Grand Lodge, F.A.A.Y.M., Prince Hall Origin National Compact, U.S.A. (hereinafter, "National Grand Lodge") by and through undersigned counsel, states its Complaint against:

A. Defendant, United Grand Lodge GA AF & AYM, Inc., (hereinafter, "United") for declaratory judgment under the Federal Declaratory Judgment Act, 28 U.S.C. §2201 and 2202; trademark infringement, unfair competition, false

1

designation of origin, and trademark dilution under the Lanham Act, 15 U.S.C. §1051 et seq., cancellation and/or dissolution of the corporate certificate of incorporation and registration of "United," violations of Georgia tort law, and injunctive relief and costs for deceptive and unfair business practices pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a)(c), 15 U.S.C. §§ 1116, 1117(a), & 1118, and the Georgia Uniform Trade Practices Act; and

B. Defendant Craig Mitchell, individually, (hereinafter, "Mitchell") for trademark infringement, unfair competition, false designation of origin, and trademark dilution under the Lanham Act, 15 U.S.C. §1051 et seq., violations of Georgia tort law, and injunctive relief and costs for deceptive and unfair business practices pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a) and the Georgia Uniform Trade Practices Act.

## Parties

1. Plaintiff, National Grand Lodge, is a corporation duly registered and incorporated in the State of Ohio and conducting business as a non-profit corporation throughout the United States of America, having its main office at 206-15 86th Road, Queens Village, New York 11427. National Grand Lodge is in the business of maintaining and overseeing traditions and coordinating the rules, function, and organization of lodges and individual members of Free & Accepted Ancient Yorkrite Masons Prince Hall Origin, National Compact, U.S.A.

2. Defendant United Grand Lodge GA AF & AYM, Inc. is a Georvgia non-profit corporation whose registered agent is Donald Allan, of 109 Church Street, Stockbridge, Georgia 30281.

3. Defendant Mitchell is an individual, and on information and belief, resides at 144 Cheryl Court, Rex, Georgia 30273.

## Jurisdiction and Venue

4. This court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 15 U.S.C. §1121, and 28 U.S.C. §§1331 and 1338 in that this Complaint raises federal questions arising under the Lanham act, 15 U.S.C. 1125, and under 15 U.S.C. §1119.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are substantial and related.

6. This Court has personal jurisdiction over Defendant United because it is engaged in business activities and provides services in and directed to the State of Georgia within this judicial District, and because the Defendant knowingly engaged in acts of infringement and tortious acts targeting the State of Georgia and causing harm within the State of Georgia and within this judicial District.

7. This Court has personal jurisdiction over Defendant Mitchell because he knowingly committed and/or conspired in acts of infringement and tortious acts

3

aimed at, and causing harm within the State of Georgia and within this judicial District. Defendant is a resident of this judicial District.

8. Plaintiff's jurisdiction, authority, services and supervisory responsibilities are actively advertised, marketed, and presented to (a) current subordinate Lodges and members and (b) potential subordinate Lodges and prospective members within the State of Georgia and within this judicial District.

9. Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1391(b) and (c), in that a substantial part of the events and actions giving rise to the claims occurred in this District; or, in the alternative, this is a district where both Defendants are subject to personal jurisdiction.

## Factual Background

10. Plaintiff, National Grand Lodge, is the national authority and superior organization to, and has jurisdiction over, several subordinate masonic Lodges nationwide, which Lodges are organized and function pursuant to Free And Accepted Ancient YorkrRite Masons, Prince Hall Origin.

11. On June 10, 2008, the standard character service mark," **F.A.A.Y.M.**" (the First Mark") was duly registered on the Principal Register of the United States Patent and Trademark Office (USPTO) in the ownership of Plaintiff. *See U.S. Regis. No. 3,443,890* (a true and correct copy is attached hereto as **Exhibit A**). This registration constitutes *prima facie* evidence of the validity of the registered

mark, of Plaintiff's ownership of the mark, and of Plaintiff's exclusive right to use the registered mark in commerce. See 15 U.S.C. §1115(a).

12. On June 10, 2008, the standard character service mark, "THE MOST WORSHIPFUL NATIONAL GRAND LODGE FREE AND ACCEPTED ANCIENT YORKRITE MASONS PRINCE HALL ORIGIN, NATIONAL COMPACT U.S.A" (the "Second Mark") was duly registered on the Principal Register of the United States Patent and Trademark Office (USPTO) in the ownership of Plaintiff. See U.S. Regis. No. 3,443,888 (a true and correct copy is attached hereto as **Exhibit B**). This registration constitutes *prima facie* evidence of the validity of the registered mark, of Plaintiff's ownership of the mark, and of Plaintiff's exclusive right to use the registered mark in commerce. See 15 U.S.C. §1115(a).

13. The term "Yorkrite" exemplifies a series and collections of progressive degrees that are conferred by authorized Masonic organizations or bodies, has its roots in ancient rituals, and is a proprietary term. It is understood that the capital letter "Y" in the title of a Masonic organization stands for the Yorkrite system.

14. On or about September 20, 2014, the National Grand Master of Plaintiff suspended Defendant Mitchell from the Plaintiff's organizational structure for a period of three (3) years for violations of certain of Plaintiff's procedures, policies, and regulations. By the terms of the suspension, Defendant Mitchell was

prohibited from any intercourse and affiliation with any Departments operating under the jurisdiction of Plaintiff.

15. On or about January 21, 2015, the Grand Master of Masons, The Most Worshipful Smooth Ashlar Grand Lodge F.A.A.Y.M., Prince Hall Origin, National Compact, Jurisdiction of Georgia, issued a written Order expelling Defendant Mitchell from the practice of Craft Masonry. The expulsion is effective within the jurisdiction of the Smooth Ashlar Grand Lodge and for the life of Defendant Mitchell. The Order was communicated to all Master Masons of Smooth Ashlar Grand Lodge and to Defendant Mitchell, among others

16. The Most Worshipful Smooth Ashlar Grand Lodge, F.A.A.Y.M., Prince Hall Origin, National Compact (hereinafter "Smooth Ashlar Grand Lodge") is a Lodge within the State of Georgia and within this District, and is a subordinate Lodge to Plaintiff.

17. At least as early as February, 2015, Defendant Mitchell coordinated with, cooperated with, and conspired with other persons within the State of Georgia and within this judicial District, to organize and incorporate Defendant United Grand Lodge GA AF & AYM Inc.

18. On February 11, 2015, the Secretary of State of Georgia granted a Certificate of Incorporation which was duly issued to Defendants. *See* **Exhibit C**,

6

which is attached hereto. The Defendant corporate business name includes the initials "A.F. & A.Y.M."

19. On March 02, 2015, the National Grand Lodge Legal Advisor drafted and sent a letter to Defendant Mitchell advising Mitchell that he had taken actions that "infringe upon The National Compact's rights as the rightful owner of the service mark, "Free and Accepted Ancient Yorkrite Masons (F.A.A.Y.M.)." The National Grand Lodge Legal Advisor further demanded that "The Most Worshipful United Grand Lodge of Georgia immediately cease the use of the terms and the letters A.F.A.Y.M." Use of the letter "Y," inclusive within Defendant United's corporate name, is unlawful and is an act of trademark infringement.

20. As of the date of this Complaint, both Defendants have failed and refused to cease and desist from use of the letters "A.F. & A.Y.M." with respect to conduct of the business and affairs of Defendant United.

## COUNT ONE: DECLARATORY JUDGMENT

21. Paragraphs 1 through 20 are hereby incorporated into this Count One of this Complaint by specific reference, as though fully appearing herein.

22. Despite (a) the letter of suspension of Defendant Mitchell from Plaintiff's National Grand Master, (b) the Order of the Grand Master of Masons, and (c) the "cease and desist" letter from the National Grand Lodge, Defendants

willfully and deliberately continue to this day, to use, display, and advertise the letters and term "A.F. & A.Y.M." to which they are unauthorized.

23. Neither Defendant has any valid or enforceable trademark or service mark rights in the term, "A.F. & A.Y.M." in connection with their recently incorporated organization.

24. Since Defendants have refused to cease use of the letters "A.F. & A.Y.M." encompassed within United's s own corporate business name, Plaintiff seeks a declaratory judgment ruling that (a) Defendants' use of the letters "A.F. & A.Y.M." infringes the duly-registered service marks of Plaintiff, and (b) the Georgia corporate name registration and certificate are invalid and unenforceable.

## COUNT TWO: DISSOLUTION OF CORPORATION AND CIVIL LIABILITY PURSUANT TO O.C.G.A. §14-2-129

25. Paragraphs 1 through 24 are hereby incorporated into this Count Two of the Complaint by specific reference, as though fully appearing herein.

26. Upon information and belief, both Defendants along with other persons jointly and severally, knew that the term "AF & AYM" had a particular significance, specifically that the term included an abbreviation for "Yorkrite" Masonic system when Defendant Mitchell filed the Articles of Incorporation, **Exhibit** C hereto.

27. Furthermore, both Defendants knew that services, rites, traditions, and organizational procedures under the authority of Masonic Yorkrite system were

8

exclusively and continuously under the jurisdiction of, and are proprietary to, Plaintiff National Grand Lodge.

28. After a reasonable opportunity for further investigation and discovery, it is likely that the evidence will show that Defendant Mitchell and others jointly and severally procured Georgia corporation registration and certificate by a false or fraudulent declaration that such incorporation was in compliance with the proprietary rights and authority of the Plaintiff.

29. Plaintiff shows that Defendant Mitchell and others, jointly and severally, intentionally submitted documents to the Georgia Secretary of State which he and others knew to be false, in order to procure a non-profit corporation for use of a business name including the term "AF &AYM." Such actions violate O.C.G.A. 14-2-129, and the corporate registration of United Grand Lodge must therefore be dissolved, along with an assessment of appropriate penalties provided for under law.

## COUNT THREE: DECEPTIVE AND UNFAIR TRADE PRACTICES – 15 U.S.C. 1125(a) – GEORGIA DECEPTIVE TRADE PRACTICES ACT

30. Paragraphs 1 through 29 are hereby incorporated into this Count Three of the Complaint by specific reference, as though fully appearing herein.

31. National Grand Lodge has established and developed a substantial customer base, credibility, allegiance, and considerable good will in its endeavors

as a sacred fraternal organization through the use of its registered service marks, as illustrated in **Exhibit A** and **Exhibit B** hereto. National Grand Lodge is known nationwide for the type of Masonry, including the Yorkrite system it adheres to, and the brotherhood it engenders among its members.

32. On information and belief, during January and February 2016, both Defendants, jointly and severally, designed and began using a newly-created business, fraternal, and commercial organizational name [ref **Exhibit C**], using the letters "A.F. & A.Y.M." This name is an obvious design, layout, likeness, and trade dress substantially similar to National Grand Lodge' registered service mark, shown in **Exhibit A** and **Exhibit B**. This is a deliberate and misleading action by Defendants.

33. On information and belief, both Defendants, jointly and severally, began distributing and/or authorizing the use of their new corporate organizational name for contacting a numbery of prospective new members and for communicating with several individuals who, at the time, had current or fairly recent affiliation with a Masonic Lodge in this District and other districts.

34. The newly-designed corporate/organizational name, including the term, "A.F. &A.Y.M.," is intentionally used by both Defendants to promote, market, and encourage persons to join Defendant United Lodge, and receive the benefits and the ceremonials of the Yorkrite system, while simultaneously engaging in

deliberate and malevolent attempts to induce an element of confusion in the minds of prospective fraternal members of the United Grand Lodge and other third parties.

35. Such prospective fraternal members and other third parties will not be able to readily discern National Grand Lodge's proprietary service mark in many segments of the open public marketplace, nor will these prospects have the opportunity to determine whether National Grand Lodge's service and fraternal membership rites and traditions is a viable and preferable alternative to the service and fraternal membership offered by the United Grand Lodge.

36. Such prospective and current fraternal members of Defendant United Grand Lodge and others are not able to discern, discouraged from discerning, or have no information to by which to discern, whether their prospective or current membership in United Grand Lodge, particularly with respect to the Yorkrite designation, is legal, authorized, and sanctioned pursuant to the authority of the National Grand Lodge.

37. The deceptive and deliberately infringing corporate business name of United Grand Lodge is intended to deceive or have the capacity to deceive current and prospective Masonic Lodge members and the general public as to the availability of, authorization for, function, and adherence to the ancient traditions and rites of the Masonic Yorkrite system.

38. Defendant United's use of a corporate business name closely resembling that of National Grand Lodge is likely to cause confusion, or to cause mistake, or to deceive (in the minds of third parties) as to the affiliation, connection, or association of National Grand Lodge's services and fraternal traditions with United Grand Lodge, or vice-versa, or as to the origin, sponsorship, or approval of either party's services, rituals, or authorized internal use of the Yorkrite system.

39. Further, such use of the misappropriated initials "A.F. & A.Y.M." by Defendant United may possibly be intended to deceptively and inequitably generate a potential cause of action against National Grand Lodge before the Trademark Trial and Appeal Board (TTAB) or a civil court.

40. Defendant United's use of the misappropriated initials "A.F. & A.Y.M." has, and will continue to have, an adverse material effect on the decisions of third parties with respect to their selection of a sacred fraternal association for prospective membership, as well as jeopardizing the credibility and jurisdiction of Plaintiff.

41. The willful and deliberate promotion by the Defendants of the newly-created corporate business name including the initials "A.F. & A.Y.M.," is causing actual confusion or actual misunderstanding as to the source, sponsorship, approval, or certification of ancient and sacred rites and services.

42. Upon information and belief, Defendants have engaged in misappropriation and disparagement of National Grand Lodge's service marks.

43. Defendant United's deceptive and misleading use of the term "A.F. &A.Y.M." in its corporate name has injured and is likely to continue to injure National Grand Lodge. In particular, if the Defendants' dissemination of the misleading term continues, Defendant United will be enriched and benefit from willful deception, National Grand Lodge's brand will be harmed, and National Grand Lodge will lose revenue, credibility, availability of qualified candidates for membership share, and goodwill that cannot readily be quantified or recaptured.

44. Defendant United's publishing and advertising by means of the newly-created corporate organizational name (**Exhibit C**) has resulted in continued infringement of National Grand Lodge's trade dress and service mark, shown in **Exhibit A** and **Exhibit B** hereto.

45. Plaintiff seeks relief pursuant to 15 U.S.C. §1125(a) and all relevant Georgia statutes, including O.C.G.A. 10-1-393.

## COUNT FOUR: SERVICE MARK HARASSMENT AND DISPARAGEMENT

46. Paragraphs 1 through 45 are hereby incorporated into this Count Four of the Complaint by specific reference, as though fully appearing herein.

47. Upon information and belief, Defendants appear to have sent demeaning, disreputable, and improper communications to (a) other Lodges, or

similar organizations, (b) persons familiar with certain Masonic procedures and traditions, and/or (c) online service providers and social media concerning belittlement and disparagement of Plaintiff's status and authority. These allegations shall be proved at trial, as necessary.

48. The result is the prevention of National Grand Lodge and its subordinate Lodges from fairly, economically, and credibly describing, marketing, and educating others about the nature of Yorkrite traditions relating to Masonic membership.

49. Defendants have deliberately and willfully engaged in instances of disparaging commentary by means of verbal and written comments, and/or communications via electronic social media in various outlets.

50. The above continuing unlawful actions by Defendants have caused, and will cause irreparable harm to National Grand Lodge.

## DEMAND FOR JURY TRIAL

51. Pursuant to Federal Rules of Civil Procedure, FRCP 38(b), Plaintiff demands a jury trial on all matters triable before a jury.

## PRAYER FOR RELIEF

52. The foregoing actions of Defendants are willful and knowingly deceptive and have caused harm to National Grand Lodge.

53. For these reasons, National Grand Lodge is entitled to temporary and permanent injunctive relief, as well as lost profits, compensation for damages and enhancement of the same, attorney's fees, and the cost of this action.

54. In consideration of the continuing violations of law by Defendants, United Grand Lodge and Craig Mitchell, an emergency condition has developed with respect to Plaintiff's ability to lawfully and properly conduct its business, services, and traditions in a sacred, credible, and proprietary manner.

55. Plaintiff has retained the law firm of J.T. Hollin, Attorney at Law, P.C. to represent it in this action and has agreed to pay the firm a reasonable fee for its services.

**THEREFORE**, Plaintiff prays that this Court

A. Issue a declaratory judgment that (a) Defendants' use of the letters "A.F. & A.Y.M." infringes the duly-registered service marks of Plaintiff; (b) the Georgia corporate name registration and certificate of Defendant United is invalid, unenforceable, and must be dissolved;

B. Issue a temporary order enjoining Defendants from use of the term "A.F. & A.Y.M."

C. Enjoin Defendants from further use and display of the term "A.F.A.Y.M.", as shown and displayed in **Exhibit C**, on any communications, advertisements, or media format in the United States;

15

D. Order the Defendants to reimburse Plaintiff for lost profits, attorney's fees, and the cost of this action;

E. Award damages to Plaintiff under 11 U.S.C. §1120; and

F. Grant such other equitable and legal relief as is justified and proper under the circumstances.

Respectfully submitted, this 30th day of May, 2017.

JT Hollin, Attorney at Law, P.C.

James T. Hollin, Jr.  GA Bar #362625
Attorney for Plaintiff

110 Habersham Drive/ Suite 118
Fayetteville, Georgia 30214
Ph 770-371-5024
email: jthollin@hollinpatent.com